Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | John W. Darrah | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 01 C 8408 | **DATE** | 6/27/2002 |
| **CASE TITLE** | ARNE G. SVENDSEN vs. HOLLYWOOD CASINO-AURORA, INC. | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
    ☐ FRCP4(m)  ☐ General Rule 21  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] Status hearing held. Enter Memorandum Opinion And Order. Defendants' motion to dismiss case is granted.

(11) ■ [For further detail see order attached to the original minute order.]

| | | | Document Number |
|---|---|---|---|
| | No notices required, advised in open court. | | |
| | No notices required. | number of notices | |
| | Notices mailed by judge's staff. | | |
| | Notified counsel by telephone. | JUL 01 2002 date docketed | |
| ✓ | Docketing to mail notices. | | 10 |
| ✓ | Mail AO 450 form. | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | |
| LG | courtroom deputy's initials | 02 JUN 28 PM 4:21 | date mailed notice |
| | | Date/time received in central Clerk's Office | mailing deputy initials |

| | |
|---|---|
| ARNE G. SVENDSEN, ) | |
| ) | |
| Plaintiff, ) | |
| ) | No. 01 C 8408 |
| v. ) | |
| ) | Judge John W. Darrah |
| HOLLYWOOD CASINO - AURORA, INC. ) | |
| and the M/V CITY OF LIGHTS 1, *in rem*, ) | |
| ) | |
| Defendants. ) | |
| ) | |

## MEMORANDUM OPINION AND ORDER

Plaintiff, Arne Svendsen ("Svendsen"), filed suit against Defendants, Hollywood Casino - Aurora, Inc. and the M/V City of Lights 1, *in rem* (collectively "Hollywood Casino"). Plaintiff alleges that he suffered personal injuries as a result of an incident which took place while he was employed by Hollywood Casino as a seaman and a member of the crew of Defendant's ship, M/V City of Lights 1 ("City Lights"). Plaintiff claims that the accident and resulting injuries were due solely, or in part, to the negligence of Hollywood Casino and the unseaworthiness of its vessel.

In the Complaint, Plaintiff states that the claims asserted *in rem* against Defendant M/V City of Lights 1 were brought under the General Maritime Law, 28 U.S.C. §1333. Additionally, Plaintiff states that the claims brought against Hollywood Casino were done pursuant to federal question jurisdiction, 28 U.S.C. § 1331, and the Jones Act, 46 U.S.C. § 688, and, in the alternative, pursuant to General Maritime Law, 28 U.S.C. § 1333. Presently before the Court is Defendants' Motion to Dismiss Plaintiff's Amended Complaint with prejudice for lack of jurisdiction, pursuant to Federal Rule of Civil Procedure 12(b)(1). Plaintiff did not file a brief in opposition to Defendants' Motion to Dismiss.

/(

Ordinarily, complaints are read liberally, construing all well-pleaded factual allegations as true, with all reasonable inferences from the allegations made in favor of the plaintiff. *Sapperstein v. Hager*, 188 F.3d 852 (7th Cir. 1999). However, where the parties have submitted evidentiary materials relevant to a motion to dismiss for lack of subject matter jurisdiction, such evidence may be considered when reviewing the motion. *United Transportation Union v. Gateway Western Railway Co.*, 78 F.3d 1208, 1210 (7th Cir. 1996). Under these circumstances, the plaintiff is obliged to establish jurisdiction by competent proof. *Commodity Trend Service, Inc. v. Commodity Brothers Futures Trading Comm'n*, 149 F.3d 679, 685 (7th Cir. 1998) (*Commodity Trend Service*). The presumption of correctness of the complaint on the jurisdictional issue disappears once the defendant offers evidence calling the court's jurisdiction into question. *Commodity Trend Service,* 149 F.3d at 685.

The Constitution grants Article III courts the power to hear "all cases of admiralty and maritime Jurisdiction." U.S. CONST. art. III, §2. That power has been codified at 28 U.S.C. § 1333(1), which grants Article III courts "original jurisdiction ... of ... [a]ny civil case of admiralty or maritime jurisdiction...." Traditionally, a party seeking to bring a tort claim exercising 28 U.S.C. § 1333(1) jurisdiction only needed to demonstrate that the tort occurred on navigable waters. *See Jerome B. Grubart, Inc. v. Great Lakes Dredge & Dock Co.*, 513 U.S. 527, 531-532 (1995) (*Grubart*). After an array of decisions, the United States Supreme Court has determined that "a party seeking to invoke federal admiralty jurisdiction pursuant to 28 U.S.C. § 1331(1) over a tort claim must satisfy conditions of both location and connection with maritime activity." *Grubart*, 513 U.S. at 534. In applying the location test, the court must determine whether the tort occurred on navigable water. The connection test, also known as the "nexus test", requires a two-part analysis. First, the court must "'assess the general features of the type of incident involved' to determine whether the incident has 'a potentially disruptive impact on maritime commerce.'" *Grubart*, 513 U.S. at 534, *quoting Sisson v.*

2

*Ruby*, 497 U.S. 358, 363-364, 364 n. 2 (1990). Second, a court must determine whether "'the general character' of the 'activity giving rise to the incident' shows a 'substantial relationship to traditional maritime activity.'" *Grubart*, 513 U.S. at 534, *quoting Sisson*, 497 U.S. at 364-365. If either the location test or the connection test fails, then there is no admiralty jurisdiction pursuant to 28 U.S.C. § 1331(1).

Contrary to the Defendant's suggestion, the court, in *Weaver v. Hollywood Casino-Aurora, Inc.*, 255 F.3d 379 (7th Cir. 2001) (*Weaver*), did not hold that the area of the Fox River where Hollywood Casino is located is not a navigable waterway. Defendants note that the court acknowledged that "this small, enclosed, intrastate section of the river is unlikely to qualify as a navigable water under general maritime law". *Weaver*, 255 F.3d at 384. Yet this statement was made entirely in dicta. Despite the fact that the appeals court found it "unlikely" that the area qualifies as navigable water, the court ultimately remanded the case to the district court to make a determination therein as to subject matter jurisdiction. *Weaver*, 255 F.3d at 385. While the principles outlined in *Weaver* are controlling, this court is not bound by any previous determination as to whether or not the area of the Fox River housing Hollywood Casino is navigable water.

In applying the location test, the United States Supreme Court has set forth the following definition of "navigable rivers":

> Those rivers must be regarded as public navigable rivers in law which are navigable in fact. And they are navigable in fact when they are used, or are susceptible of being used, in their ordinary condition, as highways for commerce, over which trade and travel are or may be conducted in the customary modes of trade and travel on water. And they constitute navigable waters of the United States within the meaning of the acts of Congress, in contradistinction from the navigable waters of the States, when they form in their ordinary condition by themselves, or by uniting with other waters, a continued highway over which commerce is or may be carried on with other States or foreign countries in the customary modes in which such commerce is conducted by water.

*The Daniel Ball*, 77 U.S. 557, 563 (1870); *see also Grubart*, 513 U.S. at 529-30 (applying *The Daniel Ball* for purposes of determining admiralty jurisdiction).

The Seventh Circuit has indicated that "the suitability of a river for interstate commerce, i.e., navigability in fact, is thus crucial to general maritime jurisdiction ... 'the purpose behind the grant of admiralty jurisdiction was the protection and promotion of the maritime shipping industry through the development and application, by neutral federal courts, of a uniform and specialized body of law.'" *Weaver*, 255 F.3d at 388, *quoting Adams v. Montana Power Co.*, 528 F.2d 437, 439 (9th Cir. 1975)).

In light of the above-mentioned purpose, the Seventh Circuit, consistent with other circuits, has indicated that "the key to determining whether there are navigable waters is the river's present navigability where the injury transpired." *Weaver*, 255 F.3d at 388. Even where portions of a river are navigable, and the river has historically been used for commerce, if the injury occurred on a segment of the river that is not navigable, no admiralty jurisdiction exists. *LeBlanc v. Cleveland*, 198 F.3d 353 (2d Cir. 1999). Thus, the key question is whether or not the specific area of the Fox River where Hollywood Casino is located is navigable.

In the Complaint, Plaintiff alleges that "the accident occurred while [Hollywood Casino] was in ... navigable waters...." However, based on the additional evidence submitted by Defendants, consisting of the affidavit of Jim Hopp ("Hopp"), the Director of Property Operations for Hollywood Casino-Aurora, and accompanying maps and photos, the waters in which the *City Lights I* rests are clearly not navigable in fact. Hollywood Casino is bounded by the Illinois Avenue Bridge to the north and the New York Avenue Bridge to the south. (Hopp affidavit ¶ 4; Group A Exhibit A1). Because the height of the boat exceeds the available clearance under both bridges, Hollywood Casino is not able to pass beneath either of the bridges. Even if Hollywood Casino did not exceed the clearance of the New York Street Bridge, a lockless dam exists across the Fox River that would prohibit southern travel beyond this obstruction. Also, the Hopp affidavit and its accompanying maps indicate that there are additional obstructions north of the Illinois Street Bridge, including Indian Trail Road and other lockless

4

dams, which prohibit northern travel by any vessel from the area of the river where Hollywood Casino is located. (Hopp affidavit ¶¶ 5 - 8; Group A Exhibit A2). Finally, as suggested by the 7th Circuit in *Weaver*, simply because a portion of a river is enclosed from permitting travel upstream or downstream, it is still possible to engage in interstate travel and commerce. *Weaver*, 255 F.3d at 384. This is not so in this instance because the waterway is located entirely within the state of Illinois. *Weaver*, 255 F.3d at 384. The natural and man-made obstructions make the river not "susceptible of being used ... as [a] highway for commerce", and, thus, it fails the navigability test outlined in *The Daniel Ball*, 77 U.S. at 563. The location test having failed, this Court does not have admiralty jurisdiction under 28 U.S.C. § 1331(1).

In the alternative, Plaintiff alleges admiralty jurisdiction under federal question jurisdiction, 28 U.S.C. § 1331, and the Jones Act, 46 U.S.C. § 688. The Jones Act provides jurisdiction for a "seaman" who suffers personal injury in the course of his employment. For an employee to qualify under the Act, "an employee's duties must 'contribut[e] to the function of the vessel or to the accomplishment of its mission.'" *McDermott Int'l Inc. V. Wilander*, 498 U.S. 337, 355 (1991), *quoting Offshore Co. v. Robison*, 266 F.2d 769, 779 (5th Cir. 1959). Additionally, the employee must be sufficiently connected to "a vessel in navigation that is substantial in terms of both its duration and its nature." *Weaver*, 255 F.3d at 387, *quoting Chandris v. Latsis*, 515 U.S. 347, 368 (1995). In line with these principles, the *Weaver* court stated that "a ship with no connection to navigable waters is not a source of Jones Act jurisdiction." *Weaver*, 255 F.3d at 387. As discussed at length above, Hollywood Casino is not located

in navigable waters. This Court is, thus, unable to find subject matter jurisdiction for Plaintiff within the bounds of the Jones Act.

Accordingly, Defendants' Motion to Dismiss is granted.

Dated: June 27, 2002

JOHN W. DARRAH
United States District Judge